IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                              No. CR 16-4637 JB

RICHARD ANTHONY GALLEGOS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to Presentence Report and Sentencing Memorandum, filed May 5, 2017 (Doc. 25)("Objection"). The Court held a hearing on May 23, 2017. The primary issue is whether Defendant Richard Anthony Gallegos was previously "convicted as an adult" under U.S.S.G. § 4A1.2(d) when he was convicted for robbery and aggravated battery with a deadly weapon in state court. The Court concludes that, because Gallegos' previous sentence was an adult sentence of imprisonment exceeding one year and one month, U.S.S.G. § 4A1.2(d) applies, and Gallegos was previously convicted as an adult. The Court will therefore overrule Gallegos' Objection.

## FACTUAL BACKGROUND

The Court draws its facts from the Defendant's Plea Agreement, filed December 14, 2016 (Doc. 18)("Plea Agreement"). In the Plea Agreement, Gallegos declared the following facts to be true:

> On or about September 14, 2016, in Bernalillo County, in the District of New Mexico, I, Richard Gallegos, after having been convicted of felony crimes, knowingly possessed, in and affecting interstate commerce, a firearm and ammunition. The firearm was a Smith and Wesson model M&P 9c, 9mm semi-automatic pistol, bearing serial number HBA1641 and eleven (11) rounds of Winchester brand 9mm caliber ammunition.

Plea Agreement ¶ 8, at 4.

## **PROCEDURAL BACKGROUND**

After an Information charged Gallegos on one count of Felon with Possession of a Firearm and Ammunition, he pled guilty. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report, filed February 24, 2017 (Doc. 21)("PSR"), which added 3 criminal history points pursuant to U.S.S.G 4(A)(1).1(a). Gallegos objected to the addition of those points, and the USPO responded.

### 1. **Indictment and Plea.**

On December 14, 2016, an Information was filed in the United States District Court for the District of New Mexico charging Gallegos with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See PSR ¶ 1, at 3. On December 14, 2016, Gallegos pled guilty to that charge. See PSR ¶ 2, at 3. Gallegos represents that his plea "is freely and voluntarily made." Plea Agreement ¶ 18, at 7.

### 2. **PSR.**

The USPO disclosed the PSR. See PSR at 1. In calculating Gallegos' criminal history, the PSR notes Gallegos' convictions in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Docket No. D-202-JR-1998-03061, for robbery and aggravated battery with a deadly weapon, because on November 5, 1999, Gallegos was sentenced as an adult. See PSR ¶ 30, at 6. The PSR assesses 3 criminal history points pursuant to § 4A1.1(a).

### 3. **Gallegos' Objections.**

Gallegos objects to the PSR's paragraph 30 and the assessment of 3 criminal history points for his previous convictions. See Objection at 2. In his Objection, Gallegos states that D-202-JR-1998-03061 was a juvenile adjudication, and that the offense giving rise to it occurred

when Gallegos was seventeen years old.  See Objection at 2.  Gallegos accordingly argues that § 4A1.2(d) governs the assessment of criminal history points for this offense.  See Objection at 2.  Gallegos objects that "[t]he probation office incorrectly applies three points for this situation because Mr. Gallegos was not 'convicted as an adult.'"  Objection at 2.

### 4. USPO's Response.

The Probation Office responds to Gallegos' Objection and files an Addendum to the PSR.  See Addendum to the Presentence Report, filed May 11, 2017 (Doc. 27)("Addendum").  The Probation Office contends that Gallegos was seventeen years old at the time of his arrest for D-202-JR-1998-03061 and that his plea agreement in that matter "specifically states" that "[t]here is no agreement as to sentencing other than that the Defendant stipulates that he is not amenable as a child in existing juvenile facilities and shall be sentenced as an adult."  Addendum at 1.  The Probation Office further states that "the presentence report should also indicate the application of USSG [§] 4A1.2(d)(1), in that the defendant pleaded guilty in D-202-JR-1998-03061 as a youthful offender, and received a sentence of imprisonment exceeding one year and one month to the New Mexico Department of Corrections."  Addendum at 1.

## LAW REGARDING CALCULATING CRIMINAL HISTORY SCORES

Section 4A1.1 of the United States Sentencing Guidelines states, in relevant part: "The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A."  Subsection (b) states: "Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)."  U.S.S.G. § 4A1.1(b).  Subsection (a) states: "Add 3 points for each prior sentence of imprisonment exceeding one year and one month."  U.S.S.G. § 4A1.1(a).

Section 4A1.2(d) treats "offenses committed prior to age eighteen." U.S.S.G. § 4A1.2(d). It provides that, "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence." U.S.S.G. § 4A1.2(d). Application Note 7 to U.S.S.G. § 4A1.2(d) provides that,

> for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted.

U.S.S.G. § 4A1.2(d) App. Note 7.

## **ANALYSIS**

The Court will overrule Gallegos' Objection to paragraph 30 of the PSR. Section 4A1.2(d) treats "offenses committed prior to age eighteen." U.S.S.G. § 4A1.2(d). It provides that, "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence." U.S.S.G. § 4A1.2(d). The PSR makes clear that, on November 5, 1999, the Second Judicial District Court sentenced Gallegos to three years custody for the robbery and aggravated battery counts. See PSR ¶ 30, at 6. The only question concerning the application of U.S.S.G. § 4A1.2(d), then, is whether Gallegos "was convicted as an adult." U.S.S.G. § 4A1.2(d).

Gallegos contends that he was not convicted as an adult, because the sentence was imposed in a juvenile case. See Objection at 2. It is undisputed, however, that Gallegos was arrested on October 21, 1998, when he was seventeen and that his sentence was imposed on November 5, 1999, when he was an adult. Furthermore, in Gallegos' Plea Agreement for these counts, Gallegos stipulated that "he is not amendable as a child in existing juvenile facilities and shall be sentenced as an adult." Addendum at 1. Application Note 7 to U.S.S.G. § 4A1.2(d)

provides that,

> for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted.

U.S.S.G. § 4A1.2(d) App. Note 7. Because Gallegos' 1998 sentence is an adult sentence of imprisonment exceeding one year and one month, U.S.S.G. § 4A1.2(d) applies, and the PSR, therefore, properly assesses 3 criminal history points for that sentence.

**IT IS ORDERED** that the Defendant's Objections to Presentence Report and Sentencing Memorandum, filed May 5, 2017 (Doc. 25), is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Kimberly A. Brawley
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Aric G. Elsenheimer
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

  *Attorney for the Defendant*